By the Court:

It is not necessary to notice or pass upon the objections which have been raised against the validity of the assignment to Hickman & Co., for it is proved that they are bona fide creditors of the late firm of William E. Torbert & Co., and as such, they have a right to ask for the rule laid, which is simply to show cause wherefore this judgment and execution should not he 'set aside, on the ' ground that the judgment has been entered without due warrant or authority. The bond and warrant of attorney appear to have been executed for William E. and William L. Torbert, the members of the, late firm referred to, by William E. Torbert, one of those members, and as no proper authority has been produced or proved, to enable him to bind the firm, or William L. Torbert, the other mem *431 ber of it, by such an act or instrument, it cannot be treated as the bond and warrant of the firm, or of W. L. Torbert, the other member of it, and of course, it cannot bind them. Neither can it be properly considered, owing to the mode in which it has been entered, as the sole judgment of William E. Torbert, by whom the bond and warrant were executed for himself and his late copartner, because the judgment entered is a joint judgment against the two, and not against each of them severally, either in form or effect, and it could not have been entered otherwise, perhaps, pursuant to the tenor of the warrant. The judgment and execution must, therefore, be entirely set Aside, and the rule made absolute.